FILED

NOT FOR PUBLICATION

NOV 25 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELIN CHE, | No. 13-70454 |
| Petitioner, | Agency No. A099-462-646 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Kelin Che, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the omission from Che's written statement of the alleged corruption and Che's investigation into it, as well as Che's non-responsiveness regarding the resolution he sought from officials.  *See id*. at 1040-44 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility finding supported where incidents omitted from application materially altered claim).  In the absence of credible testimony, Che's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Che's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China.  *See id.* at 1156-57.

Finally, we deny as moot Che's opposed motion to hold proceedings in abeyance and the government's motion to consolidate.

**PETITION FOR REVIEW DENIED.**

13-70454